JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRIAN G. HOLTKAMP

PLAINTIFF(S)

v.

MOZILLA FOUNDATION

DEFENDANT(S)

CASE NUMBER

SACV 24-00850-CJC (ADSx)

ORDER ON REQUEST TO PROCEED
IN FORMA PAUPERIS
(NON-PRISONER CASE)

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:
☐ The Request is GRANTED.
☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.
☐ The Request is DENIED because the filer has the ability to pay.
☒ As explained in the attached statement, the Request is DENIED because:
  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:
☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

May 1, 2024
Date

*[signature]*
United States District Judge

CV-73 (07/22)     ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

When screening a complaint under 28 U.S.C. § 1915, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).

In this case, Plaintiff appears to assert that "Mozilla Foundation" has, for the past four years, not allowed him to use the Internet because the Firefox browser "corrupt[s] and shut[s] off [his] personal devices."  (Dkt. 1.)  He claims that, despite being indigent and unhoused, he has "285 personal devices, 50 laptops, 50 tablets, 50 chromebooks."  (Id. at 4.)  According to Plaintiff, this has made it impossible for him to find a job.  (Id.)

Plaintiff's allegations are fanciful and frivolous.  Plaintiff asserts that Defendant uses "Augmented Reality," which "actively makes a connection with [his] retina.  No two are the same.  No matter where [Plaintiff is] they ID [him] from any device anywhere.  In less than 5 seconds [they] shut off and crash [his] devices."  (Id. at 5.)  The relief he seeks from the Court is to "share the same harsh unfair unacceptable condition to them."  (Id.)  Because Plaintiff's claim is frivolous and fails to state a claim on which relief may be granted, his case must be DISMISSED.  See 28 U.S.C. § 1915(e)(2); Anderson v. Sy, 486 F. App'x 644 (9th Cir. 2012) ("The district court properly dismissed Anderson's action as frivolous because the complaint contains indecipherable facts and unsupported legal assertions.").  "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke v. Williams, 490 U.S. 319, 324 (1989) (internal citation omitted).

*(attach additional pages if necessary)*